IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

DENNY HOBERT LESTER,

          Petitioner,

v.                                    CIVIL ACTION NO.   1:14-cv-11590
                                    (Criminal No. 1:08-cr-00039)

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Denny Hobert Lester's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Section 2255 Motion").[1]  (ECF No. 65.)  On March 18, 2014, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition ("PF&R").  Addenda were filed to the Section 2255 Motion on June 27, 2014, (ECF No. 69), and August 25, 2014, (ECF No. 70), and an amendment was made on February 18, 2015.  (ECF No. 74.)  Petitioner filed a motion for final disposition on September 10, 2014.  (ECF No. 72.)  Magistrate Judge Tinsley filed his PF&R on November 4,

---

[1] This is Petitioner's second Section 2255 Motion, the first being filed on October 18, 2012 in Civil Action No. 1:12-cv-06700.  Because the instant Section 2255 Motion was filed while the first remained pending before this Court, Magistrate Judge Tinsley has considered the Section 2255 Motion on its merits rather than dismissing it as an unauthorized successive petition.  *See* 28 U.S.C. § 2255(h).

2016, recommending that this Court deny Petitioner's Section 2255 Motion, its addenda, and amendment, and deny the motion for final disposition. (ECF No. 80.)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to the PF&R in this case were due on November 21, 2016. To date, no objections have been filed. Petitioner has, instead, filed a premature notice of appeal from the Magistrate Judge's PF&R to the United States Court of Appeals for the Fourth Circuit. (*See* ECF No. 82.) As a general matter, only final orders are appealable. 28 U.S.C. § 1291. Certain exceptions apply for a limited class of interlocutory and collateral orders, *see* 28 U.S.C. § 1292, but the PF&R does not fall into either category. The PF&R is not an interlocutory order subject to direct review because it does not present serious consequences that can by "'effectively challenged' only by immediate appeal." *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 507 (4th Cir. 1999) (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981)). Nor is the PF&R a collateral order, since it addresses issues central to the rights asserted in the Section 2255 Motion. *See Will v. Hallock*, 546 U.S. 345, 349 (2006) ("[T]he collateral order doctrine accommodates a 'small class' of rulings, not concluding the litigation, but conclusively resolving 'claims of right separable from, and collateral to, rights asserted in the action.'" (quoting *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996))). Further, absent the consent of the parties, 28

U.S.C. § 636(c), a magistrate judge is without authority to issue final judgments. 28 U.S.C. § 636(b); *see Turner v. Perry*, 651 Fed. App'x 178, 179 (4th Cir. 2016). The parties have not consented to final disposition before the Magistrate Judge.

Thus, while the filing of a notice of appeal generally deprives the district court of jurisdiction, *see Levin v. Alms & Assocs.*, 634 F.3d 260, (4th Cir. 2011), this is not an invariable rule. Where a notice of appeal has been filed from an order that is non-appealable, jurisdiction remains with the district court. *See Leonhard v. United States*, 633 F.2d 599, 610 (2d Cir. 1980) ("[W]e see no efficiency to be gained by allowing a party arbitrarily to halt the district court proceedings by filing a plainly unauthorized notice which confers on this Court the power to do nothing but dismiss the appeal."); *see also Turner*, 651 Fed. App'x 178, 179–180 (explaining that a premature notice of appeal does not deprive the district court of jurisdiction to enter a final order). Because the Fourth Circuit lacks jurisdiction over Petitioner's direct appeal of the PF&R, the Court finds it proper to proceed to final disposition of this case.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 80), **DENIES** the Section 2255 Motion, its addenda, and amendment, (ECF Nos. 65, 69, 70, 74), **DENIES** Petitioner's motion for final disposition, (ECF No. 72), **DISMISSES** this case, and **DIRECTS** the Clerk to remove this matter from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. The Court thus **DENIES** a certificate of appealability.

    **IT IS SO ORDERED.**

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    January 20, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE