IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        CRIMINAL ACTION NO. 1:08-cr-00039

DENNY HOBERT LESTER,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2014, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1. The guideline reduction was given retroactive effect. Pursuant to the order entered on February 5, 2016, this case was designated for Standard consideration.

The Court has received the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue and finds that the Defendant is a career offender[1], and, therefore is not eligible for a sentence

---

[1] Although the Defendant is currently ineligible because he is a career offender, the Court notes that the law regarding career offenders is currently the subject of much litigation and could change. Thus, if a determination is ever made

reduction.

Based on the foregoing considerations, the Court finds that the Defendant is ineligible for a sentence reduction based on the 2014 amendments to U.S.S.G. § 2D.1.1. Accordingly, Defendant's motion [ECF 73] for a sentence reduction is **DENIED.**[2]

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 20, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

that this Defendant is no longer considered a career offender, the Court will entertain a motion by the Defendant to reconsider the ruling in this order.

[2] The Court notes that Defendant's motion also asks that he be allowed to serve the balance of his term on home confinement. However, this is not relief that may be afforded under section 3582(c)(2). Moreover, to the extent that it can be seen as a request for relief under 28 U.S.C. § 2255, it is untimely as more fully explained on Magistrate Judge Tinsley's Proposed Findings and Recommendations entered in this case on November 4, 2016, [ECF 80] as adopted by this Court by a memorandum opinion entered this date.